UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| BENNY ISOM,<br><br> Petitioner,<br><br>V.<br><br>JOHN GILLEY, Warden,<br><br> Respondent. | Civil Action No. 6: 22-126-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Benny Isom is a federal prisoner currently confined at the United States Penitentiary ("USP")-McCreary located in Pine Knot, Kentucky. Proceeding without counsel, Isom has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] and has paid the $5.00 filing fee. [R. 4] Thus, this matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

In July 2003, Isom was charged with counts relating to bank robbery in two separate indictments issued in the United States District Court for the Middle District of North Carolina. Specifically, in *United States v. Isom*, No. 1:03-cr-241-TDS-1 (M.D.N.C. 2003), Isom was charged with bank robbery in violation of 18 U.S.C. § 2113(a) (Count 1), bank robbery with a dangerous weapon in violation of 18 U.S.C. § 2113(d) (Count 2), and carrying and using by brandishing a firearm during a bank robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 3). The charges in Case No. 03-cr-241 related to allegations that Isom robbed a Fidelity Bank on April 18, 2002.

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

*Id*.  In *United States v. Isom*, No. 1:03-cr-242-TDS-1 (M.D.N.C. 2003), Isom was also charged with bank robbery in violation of 18 U.S.C. § 2113(a) (Count 1s), bank robbery with a dangerous weapon in violation of 18 U.S.C. § 2113(d) (Count 2s), and carrying and using by brandishing a firearm during a bank robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 3s).  However, the charges in Case No. 03-cr-242 related to allegations that Isom robbed a Central Carolina Bank on April 29, 2002.  *Id*.

In September 2003, the District Court granted the Government's motion to join both indictments for trial.  In October 2003, Isom was convicted by a jury of all charges in both cases.  In February 2004, Isom was sentenced in Case No. 1:03-cr-241 to a term of imprisonment of 275 months on Count 2 (which was merged with Count 1), to run concurrently with the sentence on Count 2s in Case No. 1:03-cr-242, and a term of 7 years on Count 3, to run consecutively with the term imposed in Count 2 and 2s in both cases.  *United States v. Isom*, No. 1:03-cr-241-TDS-1 (M.D.N.C. 2003).  That same day in Case No. 1:03-cr-242, Isom was sentenced to a term of imprisonment of 275 months on Count 2s (which was merged with Count 1s), to run concurrently with the sentence imposed in Case No. 1:03-cr-241, and a term of 25 years on Count 3s, to run consecutively with the sentences imposed on Count 2 and 2s in both cases.  *United States v. Isom*, No. 1:03-cr-242-TDS-1 (M.D.N.C. 2003).[2]  Isom's convictions in both cases were affirmed on appeal to the United States Court of Appeals for the Fourth Circuit.  *Id*.

---

[2] Isom's 25-year sentence on his second § 924(c)(1)(A) conviction in Case No. 1:03-cr-242 was the statutory mandatory minimum required by § 924(c)(1)(C)(i).  At the time that Isom was sentenced, 18 U.S.C. § 924(c)(1)(C)(i) provided that "[i]n the case of a second or subsequent conviction under this subsection, the person shall…(i) be sentenced to a term of imprisonment of not less than 25 years."  *See* 18 U.S.C. § 924(c)(1)(C)(i) (effective December 9, 2003 to September 12, 2004).

In November 2006, Isom filed motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in both cases, which were denied by the District Court in September 2007. Since that time, Isom has filed multiple motions seeking relief from his conviction and sentence in the District Court and the Fourth Circuit Court of Appeals without success.

Isom has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. In his § 2241 petition, he argues that the sentencing court was without statutory authority to impose the mandatory 25-year minimum sentence with respect to his second § 924(c)(1)(A) conviction in Case No. 1:03-cr-242 because he did not have a prior "final" § 924(c)(1)(A) conviction to support the sentencing enhancement. [R. 1 at p. 6] Isom concedes that, "at the time of sentencing a second and successive violation of § 924(c) resulted in a consecutive minimum sentence of 25 years." [*Id*. at p. 7] He further concedes that, "[p]rior to the enactment of § 403 of the First Step Act, this 'stacking' of § 924(c) violations in a single indictment was held permissible," and cites to *United States v. Deal*, 508 U.S. 129, 137 (1993).[3] [*Id*.]

However, Isom argues that Section 403 of First Step Act "changed the Rule of the *Deal* case," so that "stacking" multiple § 924(c) offenses is no longer permissible [*Id*.] While his argument is a bit hard to follow, Isom appears to argue that, if the "stacking" practice allowed by *Deal* is no longer permissible after the enactment of the First Step Act in December 2018, then sentences resulting from "stacking" § 924(c) violations under the pre-First Step Act version of § 924(c) are invalid because they are no longer authorized by *Deal*. In other words, the amendments to § 924(c) made by the First Step Act retroactively apply to offenders who were sentenced to the

---

[3] In *Deal*, the Supreme Court held that a criminal defendant convicted of two or more § 924(c)(1) convictions in the same proceeding faced the 25-year statutory mandatory minimum for the second conviction. *Deal*, 508 U.S. 129. This practice is sometimes referred to as "stacking" §924(c)(1)(A) convictions.

3

25-year mandatory minimum as a result of § 924(c)(1)(A) convictions that were "stacked" in a single proceeding. He argues that he may bring his claim in a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 because "I can file a 2241 after the denial of a 2255 denial when the law/statutory interpretation changes and becomes retroactively applied and the Courts prevented me from raising the issue when I filed my original 2255, *U.S. v. Rehaif* (2019)." [R. 1 at p. 8]

However, Isom's § 2241 petition does not meet the requirements of the "savings clause" provision of 28 U.S.C. § 2255(e), thus it must be dismissed for lack of subject-matter jurisdiction. While 28 U.S.C. § 2241 "grants federal courts the authority to issue writs of habeas corpus to prisoners whose custody violates federal law," Section 2441's applicability is severely restricted by 28 U.S.C. § 2255. *See Taylor v. Owens*, 990 F.3d 493, 495 (6th Cir. 2021). "[S]ection 2241 typically facilitates only challenges to 'the execution or manner in which the sentence is served' – those things occurring within the prison." *Id*. (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)). In contrast, "section 2255 now serves as the primary means for a federal prisoner to challenge his conviction or sentence – those things that were ordered in the sentencing court." *Taylor*, 990 F.3d at 495. Thus, a federal prisoner generally may not use a § 2241 petition to challenge the legality of his conviction or enhancement of his sentence, but must instead file a motion under § 2255 in the court that sentenced him. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to the prohibition against challenging a conviction or sentence in a § 2241 petition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention.

*Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). To properly invoke the savings clause, a petitioner must show that, after his conviction became final, the United States Supreme Court issued a retroactively applicable decision establishing – as a matter of statutory interpretation – that either his federal conviction is invalid because his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or that his federal sentence is excessive because a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). However, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019). Because the savings clause of § 2255(e) is a jurisdictional bar that a petitioner must clear prior to bringing a challenge to his conviction or sentence in a § 2241 proceeding, the failure to meet these requirements mandates dismissal of the § 2241 petition for lack of subject-matter jurisdiction. *Taylor*, 990 F.3d at 499-500 ("Unless [the petitioner] proves that a section 2255 motion is inadequate or ineffective to challenge his sentence, no court may entertain his application for a writ of habeas corpus under section 2241.").

Here, Isom does not rely on a retroactive change in statutory interpretation by the Supreme Court that is applicable to his case, as is required to proceed with his claim in a § 2241 petition via the savings clause of § 2255(e). *See Hueso v. Barnhart*, 948 F.3d 324, 333 (6th Cir. 2020) ("[i]n addition to whatever else our reasonable-opportunity standard demands, it requires a Supreme Court decision that adopts a new interpretation of a statute after the completion of the initial § 2255 proceedings."). While Isom cites to *Deal*, *Deal* was issued in 1993, well before Isom was sentenced in 2004. Moreover, Isom's claim for relief does not rely on any change of statutory interpretation set forth by the Supreme Court in *Deal*, nor any other Supreme Court case for that

5

matter.[4] It is not sufficient to simply name-check a Supreme Court decision, as "[a] claim for habeas relief is more than the talismanic force of a new case name." *Wright*, 939 F.3d at 705. Rather, "a new case matters only, if at all, because of the new legal arguments it makes available." *Id*.

Indeed, the basis for Isom's claim for relief is not a Supreme Court decision at all, but is instead the statutory amendments made by the First Step Act of 2018. The First Step Act reduced the severity of the "stacking" multiple § 924(c) offenses in a single proceeding by amending § 924(c)(1)(C) to provide that the higher penalty for a "second or subsequent count of conviction" under § 924(c) is triggered only if the defendant has a prior § 924(c) conviction that has become final. *See* First Step Act of 2018, Public Law 115-015, December 21, 2018, 132 Stat. 015, § 403. However, contrary to Isom's argument, the provision of the Act that eliminates "stacking" does not apply retroactively. *See id*. at § 403 (explaining that the Act's clarification of § 924(c) applies only where a sentence has not already been imposed). *See also United States v. Richardson*, 948 F.3d 733, 748 (6th Cir. 2020) ("Far from suggesting that its amendment clarifies what § 924(c) has always meant, Congress has, in essence, drawn a line in the sand. Defendants sentenced after December 21, 2018, may benefit from Congress's amendment to § 924(c), but defendants sentenced before that date cannot."). Thus, because the relevant changes made to § 924(c) by the

---

[4] Isom also cites to *Rehaif v. United States*, 139 S.Ct. 2191 (2019). In *Rehaif*, the Supreme Court held that, to convict a defendant who is prohibited from possessing a firearm for "knowingly" possessing a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2), the Government must show that "the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id*. at 2194. However, *Rehaif* was decided on direct appeal – not in the habeas context – and Isom was not charged with violating §§ 922(g) and 924(a)(2). Thus, *Rehaif* is irrelevant to these proceedings.

First Step Act do not apply retroactively to offenders sentenced before December 21, 2018, they simply do not apply to Isom, who was sentenced in 2004.

Moreover, Isom has presented this same argument for relief in motions for compassionate release filed pursuant to 18 U.S.C. § 3582 in the sentencing court. *United States v. Isom*, No. 1:03-cr-241-TDS-1 (M.D.N.C. 2003) at R. 209; *United States v. Isom*, No. 1:03-cr-242-TDS-1 (M.D.N.C. 2003) at R. 205. Although the sentencing court recognized that the provisions of the First Step Act were not retroactive, it nevertheless conducted a thorough "individualized assessment" of Isom as required in the Fourth Circuit by *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), and concluded that Isom's stacked sentence, in combination with consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), is not an "extraordinary and compelling" reason warranting relief under § 3582(c)(1)(A). *United States v. Isom*, No. 1:03-cr-241-TDS-1 (M.D.N.C. 2003) at R. 213, p. 12-23. *See also id*. at R. 228 (denying motion for reconsideration); *United States v. Isom*, No. 1:03-cr-242-TDS-1 (M.D.N.C. 2003) at R. 209, p. 12-23. *See also id*. at R. 224 (denying motion for reconsideration). Thus, Isom cannot show that "he had no prior reasonable opportunity to bring his argument for relief." *Wright*, 939 F.3d at 705. To the contrary, Isom had an opportunity to raise his argument with the sentencing court and that court rejected it after considering the merits of Isom's claim.

For all of these reasons, Isom does not meet the requirements to proceed in this matter via the savings clause of § 2255(e). Accordingly, Isom's § 2241 petition must be dismissed for lack of subject-matter jurisdiction. *See Taylor*, 990 F.3d at 496.

For all of these reasons, the Court hereby **ORDERS** as follows:

1. Isom's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DISMISSED** for lack of subject-matter jurisdiction;

2. Any pending requests for relief are **DENIED**;

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A corresponding Judgment will be entered this date.

This the 15th day of February, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY